**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| KENNETH J. LECKY; DOLORES ("D.D.") LECKY; and PHILLIP RIDDERHOF, <br><br> Plaintiffs, <br><br> v. <br><br> VIRGINIA STATE BOARD OF ELECTIONS; JAMES B. ALCORN, in his capacity as Chairman of the Virginia State Board of Elections; DR. CLARA BELLE WHEELER, in her capacity as Vice-Chair of the Virginia State Board of Elections; SINGLETON B. MCALLISTER, in her capacity as Secretary of the Virginia State Board of Elections; the VIRGINIA DEPARTMENT OF ELECTIONS; EDGARDO CORTÉS, in his capacity as Commissioner of the Virginia Department of Elections, <br><br> Defendants. | Civil Action No. ____1:17cv1336____ (TSE/IDD) |

**COMPLAINT**

1.     Plaintiffs are registered voters in Virginia and residents of Virginia House of Delegates District 28.  On Tuesday, November 7, 2017, due to an apparent error by the election registrar and poll workers, Plaintiffs were given the wrong ballots. Plaintiffs, all of whom are properly registered voters in who live in House District 28, were improperly given ballots for voters who live in House District 88.

2.     Plaintiffs have filed this action to seek **an emergency order to stop the State Board of Elections from certifying the vote totals in House of Delegates District 28 at the State Board of Elections meeting scheduled to be held on November 22, 2017, at 9:30 a.m.**

COMPLAINT - 1

**Perkins Coie LLP**
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654-6200
Fax: 202.654-6211

3.    Because the right to vote is fundamental, and the voters whose ballots are at issue undertook all of the steps necessary to have their votes counted, this Court should issue an order withholding certification of the results of the election until each voter barred from voting in House District 28 is given a reasonable opportunity to have his or her vote counted in the proper House District. Such an order is particularly crucial here, because the election for House District 28 is very close; the current margin is only 82 votes. Failure to allow the voters who received the wrong ballot to have their votes counted in the proper House District would violate their First and Fourteenth Amendment rights to vote in House District 28 and could result in an outcome that does not reflect the will of the legal voters who sought to cast votes in the General Election.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction to hear Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1357, and 42 U.S.C. §§ 1983 and 1988. This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5.    Venue in this district is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and in this division.

## PARTIES

6.    Plaintiff Kenneth J. Lecky is a United States citizen registered to vote in the Commonwealth of Virginia.  Mr. Lecky voted in the General Election held on November 7, 2017. Mr. Lecky resides at his home at 1205 Charles St., Fredericksburg, VA 22401, the address listed on his/her voter registration. 1205 Charles St., Fredericksburg, VA 22401 is in House of Delegates District 28.  Due to an election official's error, Mr. Lecky was listed in the poll book as a District 88 voter. Mr. Lecky intended to vote for Joshua Cole to represent District 28 in the

COMPLAINT - 2

**Perkins Coie LLP**
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654.6200
Fax: 202.654.6211

Virginia House of Delegates, and had he been properly given a ballot to vote for the House of Delegates District 28, Mr. Lecky would have voted for Joshua Cole.

7.      Plaintiff Dolores ("D.D.")  Lecky is a United States citizen registered to vote in the Commonwealth of Virginia.  Ms. Lecky voted in the General Election held on November 7, 2017.  Ms. Lecky resides at her home at 1205 Charles St., Fredericksburg, VA 22401, the address listed on her voter registration. 1205 Charles St., Fredericksburg, VA 22401 is in House of Delegates District 28.  Due to an election official's error, Ms. Lecky was listed in the poll book as a District 88 voter. Ms. Lecky intended to vote for Joshua Cole to represent District 28 in the Virginia House of Delegates, and had she been properly given a ballot to vote for the House of Delegates District 28, Ms. Lecky would have voted for Joshua Cole.

8.      Plaintiff Phillip ("Phil") Ridderhof is a United States citizen registered to vote in the Commonwealth of Virginia.  Mr. Ridderhof voted in the General Election held on November 7, 2017.  Mr. Ridderhof resides at his home at 226 Princess Anne St, Fredericksburg, VA 22401, the address listed on his voter registration. 226 Princess Anne St, Fredericksburg, VA 22401 is in House of Delegates District 28.  Despite being listed in the poll book as a District 28 voter, an election official provided Plaintiff with a ballot that did not include the candidates running for the House of Delegates in House District 28. Mr. Ridderhof intended to vote for Joshua Cole to represent District 28 in the Virginia House of Delegates, and had he been properly given a ballot to vote for the House of Delegates District 28, Mr. Ridderhof would have voted for Joshua Cole.

9.      Defendant Virginia State Board of Elections (the "SBE") is responsible for the regulation of Virginia elections. The SBE's duties include certifying the results of the election for District 28's seat in the House of Delegates, among other elections.

COMPLAINT - 3

**Perkins Coie LLP**
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654-6200
Fax: 202.654-6211

10.     Defendants James B. Alcorn, Dr. Clara Belle Wheeler, and Singleton B. McAllister are sued in their respective official capacities as Chairman, Vice-Chair, and Secretary of the SBE.

11.     Defendant Virginia Department of Elections is the agency responsible for promoting and supporting accurate, fair, open, and secure elections for the citizens of the Commonwealth.  It is charged with implementing election laws and regulations for all elections in the Commonwealth.

12.     Defendant Edgardo Cortés is sued in his official capacity as Commissioner of the Virginia Department of Elections.

## FACTUAL ALLEGATIONS

13.     The 2017 general election for the Commonwealth of Virginia was held on Tuesday, November 7, 2017 ("Election Day"). That election included races for all 100 seats in the Virginia House of Delegates.

14.     House District 28 is located in Stafford County and Fredericksburg. In the November 2017 election, the candidates who ran to represent District 28 are Joshua Cole, a Democrat, and Robert ("Bob") Thomas, Jr., a Republican.

15.     In the November 2017 election, the candidates who ran to represent House District 88 are Steve Aycock, a Democrat, and Mark Cole, a Republican.

16.     In 2011, the General Assembly established the boundaries for all 100 districts for the Virginia House of Delegates.

17.     On Election Day in November 2017, polling locations in the City of Fredericksburg were provided with Virginia Election & Registration Information System ("VERIS") voter lists from the Virginia State Board of Elections that incorrectly listed the odd

COMPLAINT - 4

**Perkins Coie LLP**
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654-6200
Fax: 202.654-6211

numbered addresses of Charles Street in House District 88. The odd numbered addresses of Charles Street are actually in the House District 28.

18.     As a result of these errors, at least 83 voters were erroneously listed as in House District 88 rather than House District 28.

19.     The Fredericksburg Electoral Board issued a statement on November 15, 2017, "acknowledging that the board and registrar received complaints 'regarding House Districts 28 and 88.'"

20.     At least 83 voters residing in House District 28 were mis-assigned by the poll books to receive House District 88 ballots.

21.     Other voters residing in House District 28 who were properly listed in the poll books as House District 28 voters were nevertheless erroneously given House District 88 ballots.

22.     The initial, unofficial vote count in House District 28 resulted in an 82-vote lead for Bob Thomas over Joshua Cole.

23.     On Monday, November 20, 2017, the Virginia Board of Elections unanimously certified the results of 98 of 100 elections to the House of Delegates. The Board of Elections did not certify the results House District 28 or House District 88, because it discovered and acknowledged the irregularities in the elections described in this complaint and the Commissioner acknowledged that he had insufficient time to confirm whether other similar irregularities existed. The Board of Elections adjourned to permit additional investigation of these irregularities. That investigation is ongoing.

24.     Given the statutory deadline for certification of the vote totals, the State Board of Elections intends to reconvene at 9:30 a.m. on Wednesday, November 22, 2017, to certify these

COMPLAINT - 5

**Perkins Coie LLP**
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654.6200
Fax: 202.654.6211

vote totals. Absent an order from this Court, voters who were improperly denied the opportunity to vote in House District 28 will not be given that opportunity before the election is certified.

25.     Plaintiffs have no state law remedy. Under Virginia law, only candidates, not voters, may request recounts.  Va. Code § 24.2-800(B).  In any case, because Plaintiffs never received their ballots, a recount of the paper ballots cast on or before November 7 would not address the deprivation of Plaintiffs' right to cast a ballot in the election. Similarly, only a candidate, not a voter, can contest an election in Virginia.  *Id.* § 24.2-803.  And such a contest would be heard by the House of Delegates, not a court. *Id.*

## CAUSE OF ACTION

## COUNT I

### (Denial of the Right to Vote - Equal Protection Clause)

26.     Plaintiffs reallege and incorporate by reference all prior paragraphs of this Complaint as though fully set forth herein.

27.     "It has been repeatedly recognized that all qualified voters have a constitutionally protected right to vote and to have their votes counted." *Reynolds v. Sims*, 377 U.S. 533, 554 (1964) (internal citation omitted). That right "can neither be denied outright, nor destroyed by alteration of ballots, nor diluted by ballot-box stuffing." *Id.* (internal citations omitted).

28.     Under the First Amendment and the Equal Protection Clause of the Fourteenth Amendment, a court considering a challenge to an official act relating to voting must carefully balance the character and magnitude of the injury to First and Fourteenth Amendment rights that the plaintiff seeks to vindicate against the justifications put forward by the State for the burdens imposed by the rule. *See Burdick v. Takushi*, 504 U.S. 428, 434 (1992); *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983). "However slight th[e] burden may appear, . . . it must be justified by

COMPLAINT - 6

**Perkins Coie LLP**
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654-6200
Fax: 202.654-6211

relevant and legitimate state interests sufficiently weighty to justify the limitation." *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 191 (2008) (Stevens, J., controlling opinion) (internal quotation marks omitted).

29.     Here, the failure to provide voters lawfully registered in District 28 with the correct ballot imposes a severe burden on the voters who cast those ballots: disenfranchisement. These voters were erroneously denied the right to vote for their representative in the Virginia House of Delegates.

30.     Providing a correct ballot to every lawfully registered voter who appears at the polls imposes only a minimal burden on Defendants—and a burden that is part and parcel of competent election administration. Further, because these voters are required to receive the correct ballots under current law, requiring Defendants to provide every lawfully registered voter with the correct ballot will not require Defendants change their ballot-counting procedures in the future or otherwise affect Virginia law relating to the counting of ballots.

31.     The burden that not permitting voters in House District 28 to cast lawful votes would impose on First and Fourteenth Amendment interests thus far exceeds Defendants' interests, or any other state interest, in not providing a ballot listing the House District 28 race.

32.     Plaintiffs have no adequate remedy under state law.

## COUNT II

### (Denial of the Right to Vote - Due Process Clause)

33.     Plaintiffs reallege and incorporates by reference all prior paragraphs of this Complaint as though fully set forth herein.

COMPLAINT - 7

34.    The Due Process Clause of the Fourteenth Amendment is violated if an election is "fundamentally unfair." *League of Women Voters of Ohio v. Brunner*, 548 F. 3d 463, 478 (6th Cir. 2008).

35.    Numerous voters, including Plaintiffs Kenneth J. Lecky, D.D. Lecky, and Phil Ridderhof, arrived at the proper polling place on Election Day, sought to vote in the general election, and were not provided a ballot for House of Delegates District 28 in violation of Virginia law and proper election administration procedures. They were thereby denied the right to vote.

36.    The widespread deprivation of the proper ballots to lawful voters undermined the fundamental fairness of the general election for House of Delegates District 28.

37.    Plaintiffs have no adequate remedy under state law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

A.    Declare that, under the First and Fourteenth Amendments to the United States Constitution, Defendants cannot certify the results of House District 28 for the 2017 general election;

B.    Issue a Temporary Restraining Order barring Defendants from certifying the results of House District 28 for the 2017 general election; and

C.    Issue an injunction ordering Defendants not to certify the results of House District 28 for the 2017 general election; and

D.    Grant such other or further relief the Court deems to be appropriate, including but not limited to an award of Plaintiffs' attorneys' fees and reasonable costs.

**Perkins Coie LLP**
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654.6200
Fax: 202.654.6211

Dated:  November 21, 2017

Respectfully submitted,

By_____*Aria C. Branch*_____
    Marc Erik Elias (*pro hac vice* to be filed)
    Bruce V. Spiva (*pro hac vice* to be filed)
    Aria C. Branch (VSB No. 83682)
    Perkins Coie, LLP
    700 13th St. N.W., Suite 600
    Washington, D.C.  20005-3960
    Phone:  (202) 434-1627
    Fax:  (202) 654-9106
    Email: MElias@perkinscoie.com
    Email: BSpiva@perkinscoie.com
    Email: ABranch@perkinscoie.com


    *Attorneys for Plaintiffs*

COMPLAINT - 9

**CERTIFICATE OF SERVICE**

I certify that on November 21, 2017, I filed the foregoing with the Clerk of the Court using the ECF System which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing.


Date:  November 21, 2017


*Aria C. Branch*
Aria C. Branch