**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| KENNETH J. LECKY, *et al.*,<br><br>       Plaintiffs,<br><br>      v.<br><br>VIRGINIA STATE BOARD OF ELECTIONS, *et al.*,<br><br>       Defendants. | Civil Action No. 1:17-cv-01336 |

**AMENDED COMPLAINT**

1. Plaintiffs are registered voters in Virginia and residents of Virginia House of Delegates District 28. Each voted in the Tuesday, November 7, 2017 General Election in Virginia.

2. In that General Election, 260 registered voters who reside in House District 28 were listed in the records of their registrars of voters as residents of another house district. Eighty-six (86) of those voters voted in the General Election, including plaintiffs Kenneth J. Lecky and Delores ("D.D.") Lecky. Because they were listed in the registrar's records as voters of another district, those 86 voters, including Kenneth Lecky and D.D. Lecky, were given and voted ballots that did not list the HD-28 race.

3. Plaintiff Phillip ("Phil") Ridderhof, and an unknown number of other voters, also received ballots for the incorrect House District, despite being correctly listed in the records of their registrars of voters as HD-28 voters, due to apparent poll worker error in a precinct with voters in more than one House District (known as a "split precinct").

AMENDED COMPLAINT - 1

4. In addition, 124 Virginia voters who were not residents of HD-28 were incorrectly listed in the records of their registrars of voters as HD-28 voters. Sixty-one (61) of those voters voted. Because they were listed in the registrar's records as voters of HD-28 (despite not residing in HD-28), those 61 voters were given and voted ballots for HD-28.

5. Despite acknowledging that at least 86 voters were deprived of the right to vote and 61 illegal votes were received and counted in the vote totals, the Virginia Board of Elections certified Defendant Robert ("Bob") M. Thomas, Jr., as the winner of the HD-28 election by 82 votes, the margin between the 11,842 votes recorded for him and the 11,760 votes recorded for his opponent, Joshua Cole.

6. Failure to allow the voters who received the wrong ballot to have their votes counted in the proper House District, and counting votes cast by voters who do not reside in House District 28, would violate Plaintiffs' First and Fourteenth Amendment rights to vote in House District 28 and would result in an outcome that does not reliably reflect the will of the legal voters who sought to cast votes in the General Election.

7. Plaintiffs have filed this action to seek an order requiring decertification of the election, enjoining Defendant Thomas from being seated in the House of Delegates, and providing for a new election to determine the representative of District 28 in the House of Delegates.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction to hear Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1357, and 42 U.S.C. §§ 1983 and 1988. This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**Perkins Coie LLP**
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654-6200
Fax: 202.654-6211

9.      Venue in this district is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and in this division.

## PARTIES

10.     Plaintiff Kenneth J. Lecky is a United States citizen registered to vote in the Commonwealth of Virginia. Mr. Lecky voted in the General Election held on November 7, 2017. Mr. Lecky resides at his home at 1205 Charles St., Fredericksburg, VA 22401, the address listed on his voter registration. 1205 Charles St., Fredericksburg, VA 22401 is in House of Delegates District 28. Due to an election official's error, Mr. Lecky was listed in the poll book as a District 88 voter and, as a result, was given a ballot that did not include the candidates running for the House of Delegates in House District 28. Mr. Lecky intended to vote for Joshua Cole to represent District 28 in the Virginia House of Delegates, and had he been properly given a ballot to vote for the House of Delegates District 28, Mr. Lecky would have voted for Joshua Cole.

11.     Plaintiff Dolores ("D.D.") Lecky is a United States citizen registered to vote in the Commonwealth of Virginia. Ms. Lecky voted in the General Election held on November 7, 2017. Ms. Lecky resides at her home at 1205 Charles St., Fredericksburg, VA 22401, the address listed on her voter registration. 1205 Charles St., Fredericksburg, VA 22401 is in House of Delegates District 28. Due to an election official's error, Ms. Lecky was listed in the poll book as a District 88 voter and, as a result, was given a ballot that did not include the candidates running for the House of Delegates in House District 28. Ms. Lecky intended to vote for Joshua Cole to represent District 28 in the Virginia House of Delegates, and had she been properly given a ballot to vote for the House of Delegates District 28, Ms. Lecky would have voted for Joshua Cole.

Perkins Coie LLP
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654.6200
Fax: 202.654.6211

12. Plaintiff Phillip ("Phil") Ridderhof is a United States citizen registered to vote in the Commonwealth of Virginia. Mr. Ridderhof voted in the General Election held on November 7, 2017. Mr. Ridderhof resides at his home at 226 Princess Anne St., Fredericksburg, VA 22401, the address listed on his voter registration. 226 Princess Anne St., Fredericksburg, VA 22401 is in House of Delegates District 28. Despite being listed in the poll book as a District 28 voter, an election official provided Plaintiff with a ballot that did not include the candidates running for the House of Delegates in House District 28. Mr. Ridderhof intended to vote for Joshua Cole to represent District 28 in the Virginia House of Delegates, and had he been properly given a ballot to vote for the House of Delegates District 28, Mr. Ridderhof would have voted for Joshua Cole.

13. Plaintiff Amy Ridderhof is a United States citizen registered to vote in the Commonwealth of Virginia. Ms. Ridderhof voted in the General Election held on November 7, 2017. Ms. Ridderhof resides at her home at 226 Princess Anne St, Fredericksburg, VA 22401, the address listed on her voter registration. 226 Princess Anne St, Fredericksburg, VA 22401 is in House of Delegates District 28. Ms. Ridderhof was listed in the poll book as a District 28 voter, and an election official provided Plaintiff with a ballot that included the candidates running for the House of Delegates in House District 28. With that ballot, Ms. Ridderhof voted for Joshua Cole to represent District 28 in the Virginia House of Delegates.

14. Defendant Virginia State Board of Elections (the "SBE") is responsible for the regulation of Virginia elections. The SBE's duties include certifying the results of the election for District 28's seat in the House of Delegates, among other elections.

15. Defendants James B. Alcorn, Dr. Clara Belle Wheeler, and Singleton B. McAllister are sued in their respective official capacities as Chairman, Vice-Chair, and Secretary of the SBE.

Perkins Coie LLP
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654-6200
Fax: 202.654-6211

16. Defendant Virginia Department of Elections is the agency responsible for promoting and supporting accurate, fair, open, and secure elections for the citizens of the Commonwealth. It is charged with implementing election laws and regulations for all elections in the Commonwealth.

17. Defendant Edgardo Cortés is sued in his official capacity as Commissioner of the Virginia Department of Elections.

18. Defendant G. Paul Nardo is sued in his official capacity as Clerk of the Virginia House of Delegates.

19. Defendant Robert ("Bob") Thomas, Jr. was the Republican candidate for House of Delegates for House District 28, and was certified as the winner of the election by the SBE.

20. Defendant Stafford County Electoral Board is responsible for, among other things, "the preparation of ballots, the administration of absentee ballot provisions, the conduct of the election, and the ascertaining of the results of the election." Virginia Code § 24.2-109(B).

21. Defendants Doug Filler, Marie Gozzi and Gloria Chittum are sued in their respective official capacities as Chairman, Vice Chairman and Secretary of the Stafford County Electoral Board.

22. Defendant Greg Riddlemoser is sued in his official capacity as General Registrar of Stafford County.

23. Defendant City of Fredericksburg Electoral Board is responsible for, among other things, "the preparation of ballots, the administration of absentee ballot provisions, the conduct of the election, and the ascertaining of the results of the election." Virginia Code § 24.2-109(B).

Perkins Coie LLP
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654.6200
Fax: 202.654.6211

24. Defendants Rene Rodriguez, Aaron Markel and Cathie Fisher Braman are sued in their respective official capacities as Chairman, Vice Chairman and Secretary, respectively, of the City of Fredericksburg Electoral Board.

25. Defendant Marc C. Hoffman is sued in his official capacity as Director of Elections and General Registrar of the City of Fredericksburg.

26. Defendant Terry McAuliffe is sued in his official capacity as Governor of Virginia.

## FACTUAL ALLEGATIONS

27. The 2017 general election for the Commonwealth of Virginia was held on Tuesday, November 7, 2017 ("Election Day"). That election included races for all 100 seats in the Virginia House of Delegates.

28. House District 28 is located in Stafford County and the City of Fredericksburg. In the November 2017 election, the candidates who ran to represent District 28 are Joshua Cole, a Democrat, and Robert ("Bob") Thomas, Jr., a Republican.

29. In the November 2017 election, the candidates who ran to represent House District 2 are Jennifer D. Carroll Foy, a Democrat, and Mike D. Makee, a Republican.

30. In the November 2017 election, the candidates who ran to represent House District 88 are Steve Aycock, a Democrat, and Mark L. Cole, a Republican, Gerald L. Anderson, Green Party, and Amanda M. Blalock, an independent.

31. In 2011, the General Assembly established the boundaries for all 100 districts for the Virginia House of Delegates.

32. On Election Day in November 2017, polling locations in the City of Fredericksburg and Stafford County were provided with Virginia Election & Registration

Perkins Coie LLP
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654-6200
Fax: 202.654-6211

Information System ("VERIS") voter lists from the Virginia State Board of Elections that incorrectly listed voters in the incorrect districts. As a result of these errors, at least 260 voters (86 of whom voted) were incorrectly listed as residing in House District 2 or House District 88 rather than House District 28. Prior to Election Day, the City of Fredericksburg and Stafford County relied on these VERIS voter lists to provide absentee ballots to registered voters who submitted timely and satisfactory requests for absentee ballots.

33. These misassignments resulted from Defendants employing inadequate safeguards, including allocating insufficient resources, against erroneous depravations of the right to vote. On information and belief, one or more administrators of this election knew, or in the alternative had reason to know, that significant numbers of registered voters were incorrectly assigned to house districts months or years before the 2017 election.

34. No later than 11 a.m. on November 7, 2017, election administrators from the City of Fredericksburg, including a member of its Electoral Board, and the Virginia Department of Elections knew of at least one voter who complained he was not able to cast a ballot for House District 28 because he was incorrectly given a House District 88 ballot. The City of Fredericksburg's registration records reflected the complaining voter was misassigned to House District 88. Election administrators in the City of Fredericksburg nevertheless made no changes to its administration of the election, and provided no remedy to the voter who complained, to any plaintiff in this case, or to any other voter.

35. The Fredericksburg Electoral Board issued a statement on November 15, 2017, "acknowledging that the board and registrar received complaints 'regarding House Districts 28 and 88.'"

Perkins Coie LLP
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654.6200
Fax: 202.654.6211

36. On Monday, November 20, 2017, the Virginia Board of Elections unanimously certified the results of 98 of 100 elections to the House of Delegates. The Board of Elections did not certify the results of House District 28 or House District 88, because it discovered and acknowledged the irregularities in the elections described in this complaint and the Commissioner acknowledged that he had insufficient time to confirm whether other similar irregularities existed. The Board of Elections adjourned to permit additional investigation of these irregularities.

37. On Monday, November 27, 2017, the Virginia Board of Elections unanimously approved a motion (a) to certify the results of House District 28 as Bob Thomas, Jr., receiving 11,842 votes, Joshua G. Cole receiving 11,760 votes, and 45 write-in votes, and (b) to append to the certification the report of Defendant Edgardo Cortés to the members of the Virginia Board of Elections dated November 27, 2017, regarding incorrectly assigned voters. The report determined that 384 voters were either (a) residents of House District 28 but were incorrectly assigned to vote in another House district or (b) not residents of House District 28 but incorrectly assigned to vote in House District 28. Of those 384 incorrectly assigned voters, 147 voted in the November 2017 election. Eighty-six (86) voters who should have voted in House District 28 incorrectly voted ballots in other House of Delegates districts. Sixty-one (61) voters who should have voted in House District 88 incorrectly voted ballots in House District 28.

38. Pursuant to Virginia Code § 24.2-801, Joshua Cole filed a petition for a recount of the November 7, 2017 election in House District 28 on Friday, December 1, 2017. Given that the apparent margin between Joshua Cole and Bob Thomas was only 82 votes, or less than one-half of one percent, the cities and counties that comprise House District 28, not the candidates, shall

Perkins Coie LLP
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654.6200
Fax: 202.654.6211

bear the costs of the recount under Virginia Code § 24.2-802(E). As of the date of the filing of this Amended Complaint, the date of the recount in House District 28 has not yet been set.

39. Nevertheless, because Plaintiffs Kenneth Lecky, D.D. Lecky, and Phil Ridderhof never received a ballot for House District 28, the recount of ballots cast on or before November 7 will not address the deprivation of their rights to cast a ballot in that election. In addition, because votes of non-residents of House District 28 have been comingled with the votes of House District 28 residents, the recount will not remedy the vote dilution suffered by the House District 28 residents who voted, including Plaintiff Amy Ridderhof, because of the acceptance and certification of the illegal votes.

40. Plaintiffs have no state law remedy. Under Virginia law, only candidates, not voters, may contest an election. Virginia Code § 24.2-803. And such a contest would be heard by the House of Delegates, not a court. *Id.*

## CAUSES OF ACTION

### COUNT I

**(Denial of the Right to Vote In Violation of
the Fourteenth Amendment & 42 U.S.C. § 1983 -
Substantive Due Process)**

41. Plaintiffs reallege and incorporate by reference all prior and following paragraphs of this Complaint and the paragraphs in the counts below as though fully set forth herein.

42. The Due Process Clause of the Fourteenth Amendment is violated if an election is "fundamentally unfair." *League of Women Voters of Ohio v. Brunner*, 548 F. 3d 463, 478 (6th Cir. 2008); *Griffin v. Burns*, 570 F.2d 1065 (1st Cir. 1978).

43. At least 87 voters, including Plaintiffs Kenneth J. Lecky, D.D. Lecky, and Phil Ridderhof, sought to vote in the general election and were not provided a ballot for House

Perkins Coie LLP
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654.6200
Fax: 202.654.6211

District 28 in violation of Virginia law and proper election administration procedures. They were thereby denied the right to vote.

46. At least 61 illegal votes were cast and counted in the election for House District 28, thereby diluting the votes of lawful voters.

45. The widespread deprivation of the proper ballots to lawful voters and acceptance of illegal votes undermined the fundamental fairness of the general election for House of Delegates District 28.

46. Plaintiffs have no adequate remedy under state law.

47. Based on the foregoing, Defendants, acting under color of state law, have deprived and will continue to deprive Plaintiffs of due process secured to them by the Fourteenth Amendment to the U.S. Constitution.

## COUNT II

### (Denial of the Right to Vote In Violation of the Fourteenth Amendment & 42 U.S.C. § 1983 - Procedural Due Process)

48. Plaintiffs reallege and incorporate by reference all prior and following paragraphs of this Complaint and the paragraphs in the counts below as though fully set forth herein.

49. The Due Process Clause of the Fourteenth Amendment is violated if election procedures do "not satisfy the minimum requirement for nonarbitrary treatment of voters necessary to secure the fundamental right." *Bush v. Gore*, 531 U.S. 98, 105 (2000).

50. At least 87 voters, including Plaintiffs Kenneth J. Lecky, D.D. Lecky, and Phil Ridderhof sought to vote in the general election, and were not provided a ballot for House District 28 in violation of Virginia law and proper election administration procedures. They were thereby denied the right to vote.

Perkins Coie LLP
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654-6200
Fax: 202.654-6211

51. At least 61 illegal votes were cast and counted in the election for House District 28, thereby diluting the votes of lawful voters.

52. The determination to assign or reassign Plaintiffs Kenneth J. Lecky, D.D. Lecky, and 358 other voters to a house district other than House District 28, where they reside, was implemented by election administrators without sufficient guarantees of reliability and without notice to plaintiffs or the other impacted voters.

53. The determination to assign or reassign 124 voters who do not reside in House District 28 to vote for the delegate for House District 28 was implemented by election administrators without sufficient guarantees of reliability and without notice.

54. Plaintiffs Kenneth J. Lecky, D.D. Lecky, and Phil Ridderhof were unable to vote for their representative in House District 28 as a consequence of their reliance on the instructions of election officials, including election registrars and poll workers.

55. Plaintiffs have had no opportunity to vote in the House District 28 election and have no adequate remedy under state law.

56. Based on the foregoing, Defendants, acting under color of state law, have deprived and will continue to deprive Plaintiffs of due process secured to them by the Fourteenth Amendment to the U.S. Constitution.

## COUNT III

**(Undue Burden on the Right to Vote in Violation of the First Amendment and Equal Protection Clause of the Fourteenth Amendment & 42 U.S.C. § 1983 - *Anderson-Burdick*)**

57. Plaintiffs reallege and incorporate by reference all prior and following paragraphs of this Complaint as though fully set forth herein.

**Perkins Coie LLP**
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654-6200
Fax: 202.654-6211

58. "It has been repeatedly recognized that all qualified voters have a constitutionally protected right to vote and to have their votes counted." *Reynolds v. Sims*, 377 U.S. 533, 554 (1964) (internal citation omitted).

59. Under the First Amendment and the Equal Protection Clause of the Fourteenth Amendment, a court considering a challenge to an official act relating to voting must carefully balance the character and magnitude of the injury to First and Fourteenth Amendment rights that the plaintiff seeks to vindicate against the justifications put forward by the State for the burdens imposed by the rule. *Burdick v. Takushi*, 504 U.S. 428, 434 (1992); *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983). "It then must identify and evaluate the precise interests put forward by the State as justifications for the burden imposed by its rule." *Anderson*, 460 U.S. at 789. The court "must not only determine the legitimacy and strength of each of those interests; it also must consider the extent to which those interests make it necessary to burden the plaintiff's rights." *Id*.

60. "However slight th[e] burden may appear . . . it must be justified by relevant and legitimate state interests sufficiently weighty to justify the limitation." *Crawford v. Marion Cty. Election Bd.*, 553 U.S. 181, 191 (2008) (Stevens, J., controlling opinion) (internal quotation marks omitted).

61. The failure of Virginia to employ a system that provides voters lawfully registered in House District 28 with the correct ballot, and provides no opportunity for redress of that error, imposes a severe burden on the voters who cast those ballots: disenfranchisement. These voters were wrongfully denied the right to vote for their representative in the Virginia House of Delegates.

62. There is no colorable justification for Virginia's failure to provide voters lawfully registered in House District 28.

Perkins Coie LLP
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654.6200
Fax: 202.654.6211

63. Instead, providing a correct ballot to every lawfully registered voter who appears at the polls imposes only a minimal administrative burden on Virginia. Further, because these voters are required to receive the correct ballots under current law, requiring Defendants to provide every lawfully registered voter with the correct ballot will not require Defendants change their ballot-counting procedures in the future or otherwise affect Virginia law relating to the counting of ballots.

64. The burden that not permitting voters in House District 28 to cast lawful votes would impose on First and Fourteenth Amendment interests thus far exceeds Defendants' interests, or any other state interest, in not providing a ballot listing the House District 28 race.

65. Plaintiffs have no adequate remedy under state law.

66. Based on the foregoing, Defendants, acting under color of state law, have deprived and will continue to deprive Plaintiffs of equal protection under the law secured to them by the First and Fourteenth Amendment to the U.S. Constitution.

## COUNT IV

**(Violation of the Equal Protection Clause of the Fourteenth Amendment
& 42 U.S.C. § 1983 - Disparate Treatment of Voters)**

67. Plaintiffs reallege and incorporate by reference all prior and following paragraphs of this Complaint as though fully set forth herein.

68. All state action that distinguishes between groups must, at a minimum, be rationally related to a legitimate state interest to survive scrutiny under the Equal Protection Clause. *See Nordlinger v. Hahn*, 505 U.S. 1, 11 (1992). "[W]here fundamental rights and liberties are asserted under the Equal Protection Clause, classifications which might invade or

**Perkins Coie LLP**
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654-6200
Fax: 202.654-6211

restrain them must be closely scrutinized and carefully confined." *Harper v. Va. State Bd. of Elections*, 383 U.S. 663, 670 (1966)

69. All voters that reside in House District 28 are similarly situated.

70. All persons who reside outside of House District 28 are similarly situated.

71. Yet, as described above, Virginia properly classified some House District 28 residents as House District 28 voters, but classified other House District 28 residents as voters for other House Districts, resulting in some residents of House District 28 receiving a ballot for House District 28 and others being denied a ballot for House District 28. The failure of Virginia to provide voters lawfully registered who reside in House District 28 with a ballot for that election imposes a severe burden on the voters who cast those ballots.

72. In addition, Virginia improperly classified some, but not all, non-residents of House District 28 as House District 28 voters, resulting in some but not all non-residents of House District 28 receiving a ballot for House District 28. Virginia counting ballots for the House District 28 election cast by persons who do not reside in House District 28, thereby diluting the votes of lawful voters, imposing a burden on the effective exercise of the franchise on the voters who cast lawful ballots.

73. There is no rational basis, let alone compelling interest, for treating some residents of House District 28 differently than other residents.

74. Based on the foregoing, Defendants, acting under color of state law, have deprived and will continue to deprive Plaintiffs of equal protection under the law secured to them by the Fourteenth Amendment to the U.S. Constitution.

Perkins Coie LLP
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654.6200
Fax: 202.654.6211

# COUNT V

## (Denial of Equal Protection Under the Fourteenth Amendment & 42 U.S.C. § 1983 - Disparate Treatment)

75. Plaintiffs reallege and incorporate by reference all prior and following paragraphs of this Complaint as though fully set forth herein.

76. The Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution guarantees qualified voters a substantive right to participate equally with other qualified voters in the electoral process. Further, the equal "right to vote is protected in more than the initial allocation of the franchise." *See Hunter v. Hamilton Cty. Bd. of Elections*, 635 F.3d 219, 234 (6th Cir. 2011) (quoting *Bush v. Gore*, 531 U.S. 98, 104 (2000)). "Equal protection applies as well to the manner of its exercise." *Id.* A state may not arbitrarily impose disparate treatment on similarly situated voters.

77. As a result of providing insufficient standards to guarantee that registered voters residing in House District 28 received the correct ballots, Defendants treated some voters in House District 28 different than other voters. This disparate treatment of Virginia voters based solely on where they live in House District 28 is arbitrary and there is no rational justification for such a differentiation.

78. Based on the foregoing, Defendants, acting under color of state law, have deprived and will continue to deprive Plaintiffs of equal protection under the law secured to them by the Fourteenth Amendment to the U.S. Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

Perkins Coie LLP
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654.6200
Fax: 202.654.6211

A. Declare that, under the First and Fourteenth Amendments to the United States Constitution, Defendant Robert M. Thomas, Jr. is not a duly elected delegate for Virginia House District 28 and cannot be seated in the Virginia House of Delegates on the basis of the 2017 general election;

B. Issue a preliminary injunction ordering:

1. Defendants James B. Alcorn, Dr. Clara Belle Wheeler, Singleton B. McAllister, and the Virginia State Board of Elections to vacate their certification of the results of House District 28 for the 2017 general election;

2. Defendant G. Paul Nardo not to administer the oath of office to Defendant Robert Thomas, Jr., pursuant to Virginia Code § 49-3 or otherwise seat Thomas in the House of Delegates or permit Thomas to exercise any authority of a member of the House of Delegates;

3. Defendant Robert Thomas, Jr., not to swear an oath or affirmation for the office of Delegate pursuant to Virginia Code § 49-3 or otherwise be seated in the House of Delegates or exercise any authority of a member of the House of Delegates;

4. Defendant Terry McAuliffe to issue a writ of election for House of Delegates District 28 pursuant to Virginia Code § 24.2-216 and Article IV, § 7 of the Virginia Constitution; and

5. Defendants Stafford County Electoral Board, Doug Filler, Marie Gozzi, Gloria Chittum, Greg Riddlemoser, City of Fredericksburg Electoral

Perkins Coie LLP
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654-6200
Fax: 202.654-6211

Board, Rene Rodriguez, Aaron Markel, Cathie Fisher Braman, and Marc C. Hoffman to administer such an election.

C. Issue an injunction ordering:

1. Defendants James B. Alcorn, Dr. Clara Belle Wheeler, Singleton B. McAllister, and the Virginia State Board of Elections to vacate their certification of the results of House District 28 for the 2017 general election;

2. Defendant G. Paul Nardo not to administer the oath of office to Defendant Robert Thomas, Jr., pursuant to Virginia Code § 49-3 or otherwise seat Thomas in the House of Delegates or permit Thomas to exercise any authority of a member of the House of Delegates;

3. Defendant Robert Thomas, Jr., not to swear an oath or affirmation for the office of Delegate pursuant to Virginia Code § 49-3 or otherwise be seated in the House of Delegates or exercise any authority of a member of the House of Delegates;

4. Defendant Terry McAuliffe to issue a writ of election for House of Delegates District 28 pursuant to Virginia Code § 24.2-216 and Article IV, § 7 of the Virginia Constitution; and

5. Defendants Stafford County Electoral Board, Doug Filler, Marie Gozzi, Gloria Chittum, Greg Riddlemoser, City of Fredericksburg Electoral Board, Rene Rodriguez, Aaron Markel, Cathie Fisher Braman, and Marc C. Hoffman to administer such an election.

**Perkins Coie LLP**
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654-6200
Fax: 202.654-6211

D. Grant such other or further relief the Court deems to be appropriate, including but not limited to an award of Plaintiffs' attorneys' fees and reasonable costs.

Dated: December 6, 2017

Respectfully submitted,

By **_Aria C. Branch_**
Marc Erik Elias (*pro hac vice*)
Bruce V. Spiva (*pro hac vice*)
Brian Simmonds Marshall
(*pro hac vice* pending)
Aria C. Branch (VSB No. 83682)
Perkins Coie, LLP
700 13th St. N.W., Suite 600
Washington, D.C. 20005-3960
Phone: (202) 434-1627
Fax: (202) 654-9106
Email: MElias@perkinscoie.com
Email: BSpiva@perkinscoie.com
Email: BMarshall@perkinscoie.com
Email: ABranch@perkinscoie.com

*Attorneys for Plaintiffs*

AMENDED COMPLAINT - 18

**Perkins Coie LLP**
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654-6200
Fax: 202-654-6211

## CERTIFICATE OF SERVICE

I certify that on December 6, 2017, I filed the foregoing with the Clerk of the Court using the ECF System which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

Date: December 6, 2017

*Aria C. Branch*
Aria C. Branch
